UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICHAI VONGSVIRATES,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00474-NONE-JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

Vichai Vongsvirates seeks to proceed *in forma pauperis*[1] in this action against Wells Fargo Bank, N.A. and Rushmore Loan Management Services. (Docs. 1, 3.) According to the Plaintiff, Defendants committed "multiple violations of ignoring proper loan procedures," including improper noticing for the mortgage note and the deed of trust. (*See* Doc. 1.) Because Plaintiff fails to allege facts sufficient to support his claims, the complaint is **DISMISSED** with leave to amend.

**I.      Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

---

[1] The Court is deferring ruling on Plaintiff's request to proceed *in forma pauperis* until Plaintiff provides sufficient facts to determine whether the case is frivolous.

1

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a

complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  Factual Allegations

Plaintiff alleges that the events giving rise to the claims "[took] place within the past few years." (Doc. 1 at 4.) According to Plaintiff, the subject matter of this action relates to real property located at 4507 Letzring Lane, Bakersfield, CA 93304. (Doc. 1 at 4-5.) Plaintiff claims that a cloud on title exists due to "divergent paths taken by both the mortgage note and by the deed of trust." (Doc. 1 at 4.) Plaintiff claims that Defendants used improper mortgage company procedures, servicing through an independent broker/realtor, including but not limited to, improperly noticing for the mortgage note and deed activities. (Doc. 1 at 5.) Plaintiff asserts that there were "multiple violations of ignoring proper loan procedures." (Doc. 1 at 5.)

As a preliminary matter, the Court notes that Plaintiff sets forth no facts in his complaint to support his claims. Instead, he merely states his conclusions about what has occurred. This does not suffice. *Iqbal*, 556 U.S. at 679

### IV.  Discussion and Analysis[2]

In his complaint, Plaintiff contends that Defendants are liable for fraud, negligence, and misrepresentation. (Doc. 1 at 5.)

### A.  Intentional Misrepresentation or Actual Fraud Claim

"Under California law, the elements for an intentional-misrepresentation, or actual-fraud, claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir.2007).

To state a cognizable claim for intentional misrepresentation, a plaintiff must meet the heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure, which requires a plaintiff to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud

---

[2] The plaintiff seems to claim that he suffered violations of the United States Constitution. (Doc. 1 at 5 However, such claims may be actionable only if the defendant is a state actor.

3

alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (explaining that to avoid dismissal for failure to meet the standards under Rule 9(b), "[a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). If allegations of fraud do not meet the heightened pleading standard, the "averments . . . should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (quotations omitted).

"For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 75429, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011). Plaintiff alleges only his conclusions about what has happened; he fails to allege any facts. He fails to describe what has occurred, when it occurred and who were the tortious actors. He does not identify the regarding improper noticing procedures he alleges or how either defendant acted to cause this improper notice. Plaintiff fails to identify any specific representations made to him by either entity or demonstrate any facts that the speakers knew the statements were false or in what manner he relied upon these statements. Without factual allegations, the Court is unable to find that Plaintiff meets the heightened pleading requirements under Rule 9 for a claim sounding in fraud. Consequently, Plaintiff's claim for intentional misrepresentation is DISMISSED with leave to amend.

**B.      Negligence**

To the extent Plaintiff seeks to state a negligence claim under California law, the facts alleged fail to state a cognizable claim. In general, to succeed upon a claim for negligence, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557, 275 Cal.Rptr. 878, 883 (1990)). "To prevail in an action for negligence, the plaintiff must show that the defendant owed a duty to the plaintiff." *John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006). Plaintiff fails to identify a specific duty owed to him by an employee of Wells Fargo Bank, N.A. or Rushmore Loan Management Services. Plaintiff also does not satisfy the causation element of his

4

claim for negligence. Therefore, Plaintiff's claim for negligence is DISMISSED with leave to amend.

## V.     Conclusion and Order

Plaintiff has not alleged facts to support his claims. However, the Court will provide Plaintiff with **one** opportunity to file an amended complaint that sets forth facts sufficient to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)). Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
2. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint or a notice of voluntary dismissal of the action.

**If Plaintiff fails to comply with this order to file a First Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   **April 16, 2020**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE