**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICHAI VONGSVIRATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00474-NONE-JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE |

　　　　Vichai Vongsvirates seeks to proceed *pro se* and *in forma pauperis* in this action against Wells Fargo Bank, N.A. and Rushmore Loan Management Services. According to the Plaintiff, Defendants committed "multiple violations of ignoring proper loan procedures," including improper noticing for the mortgage note and the deed of trust. (*See* Doc. 8.) On April 16, 2020, the Court dismissed Plaintiff's initial complaint with leave to amend because Plaintiff failed to allege facts sufficient to support his claims. (Doc. 7.) On May 6, 2020, Plaintiff filed a first amended complaint. (Doc. 8.) However, the first amended complaint largely duplicates the initial filing. The Court finds the Plaintiff is unable to state a claim upon which relief may be granted, as the Plaintiff has again failed to allege facts sufficient to support his claims. Therefore, the Court recommends the Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the first amended complaint be **DISMISSED** without

prejudice.[1]

## I.     Factual Allegations

Plaintiff alleges that the events giving rise to the claims "[took] place within the past few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2011." (Doc. 8 at 4.) According to Plaintiff, the subject matter of this action relates to real property located at 4507 Letzring Lane, Bakersfield, CA 93304. (Doc. 8 at 4-5.) Plaintiff claims that a cloud on title exists due to "divergent paths taken by both the mortgage note and the deed of trust." (Doc. 8 at 4.) Plaintiff claims that Defendants used improper mortgage company procedures, servicing through an independent broker/realtor, including but not limited to, improperly noticing for the mortgage note and deed activities. (Doc. 8 at 5.) Plaintiff asserts that there were "multiple violations of ignoring proper loan procedures." (Doc. 8 at 5.)

As a preliminary matter, the Court notes that Plaintiff sets forth no facts in his first amended complaint to support his claims. Instead, he merely states his conclusions about what has occurred. This does not suffice. *Iqbal*, 556 U.S. at 679

## II.     Request to proceed *in forma pauperis*

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to

---

[1] On May 20, 2020, Defendant filed a motion to dismiss. (Doc. 9.) Because the Court recommends the first amended complaint be dismissed, the motion is MOOT. The Clerk of the Court is DIRECTED to terminate the motion (Doc. 9).

proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends the plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the first amended complaint fails to state a meritorious claim upon which relief may be granted.  *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

### III.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).  Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**V.     Discussion and Analysis[2]**

In his first amended complaint, Plaintiff contends that Defendants are liable for fraud, negligence, and misrepresentation. (Doc. 8 at 5.)

**A.     Intentional Misrepresentation or Actual Fraud Claim**

"Under California law, the elements for an intentional-misrepresentation, or actual-fraud, claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir.2007).

To state a cognizable claim for intentional misrepresentation, a plaintiff must meet the

---

[2] The plaintiff seems to claim that he suffered violations of the United States Constitution. (Doc. 8 at 5.) However, such claims may be actionable only if the defendant is a state actor.

4

heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure, which requires a plaintiff to state "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, the plaintiff must articulate the "who, what, when, where, and how" of the fraud alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (explaining that to avoid dismissal for failure to meet the standards under Rule 9(b), "[a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). If allegations of fraud do not meet the heightened pleading standard, the "averments . . . should be disregarded, or stripped from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (quotations omitted).

"For corporate defendants, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 75429, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011). Plaintiff alleges only his conclusions about what has happened; he fails to allege any facts. He fails to describe what has occurred, when it occurred and who were the tortious actors. He does not describe the improper noticing procedures he alleges were employed or how either Defendant acted to cause the improper notice. Plaintiff fails to identify any specific representations made to him by either entity or any facts that demonstrate the speakers knew the statements were false or in what manner he relied upon these statements. Without factual allegations, the Court is unable to find that Plaintiff meets the heightened pleading requirements under Rule 9 for a claim sounding in fraud. Consequently, the Court recommends that Plaintiff's claim for intentional misrepresentation be DISMISSED.

**B.     Negligence**

To the extent Plaintiff seeks to state a negligence claim under California law, the facts alleged fail to state a cognizable claim. In general, to succeed upon a claim for negligence, Plaintiff "must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557, 275 Cal.Rptr. 878, 883 (1990)). "To prevail in an action for negligence, the plaintiff must show that the

defendant owed a duty to the plaintiff." *John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006). Plaintiff fails to identify a specific duty owed to him by an employee of Wells Fargo Bank, N.A. or Rushmore Loan Management Services. Plaintiff also does not satisfy the causation element of his claim for negligence. Therefore, the Court recommends that Plaintiff's claim for negligence be DISMISSED.

**VI.     Findings and Recommendations**

The Court has given plaintiff the pleading standards but, rather than meet these standards, he repeats the conclusions he drew in his original complaint and continues to fail to provide any factual bases for the conclusions. Thus, the Court accepts that plaintiff's failure to provide factual allegations as an admission that he cannot do so and concludes that the deficiencies cannot be cured by amendment and granting leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's first amended complaint be **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**;
3. Defendant's motion to dismiss (Doc. 9) be **DISMISSED AS MOOT**; and
3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///
///

1 | Plaintiff is advised failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v.*
3 | *Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

4

5 | IT IS SO ORDERED.

6 | Dated:   **July 7, 2020**                                      **/s/ Jennifer L. Thurston**
7 |                                                           UNITED STATES MAGISTRATE JUDGE